## PRUITT *v.* SATTERFIELD.

No. 17090. JUNE 12, 1950.

26

*Leon Boling,* for plaintiff.

*Wood & Tallant,* for defendant.

HEAD, Justice. Upon the trial, the evidence was without conflict that the defendant had committed acts of trespass upon the land of the plaintiff, and a verdict was demanded for the plaintiff on her prayers for injunction. The plaintiff's evidence did not establish any amount as damages, and under the evidence offered she was not entitled to recover damages.

The testimony offered by the plaintiff established the location of the private road described in her petition. During the progress of the trial, the court inquired if the private road was recognized as being the line between the parties. An attorney for the defendant replied: "Yes, sir, there is no issue about that. My client doesn't claim anything north [south?] of the road. And we have no objection to his taking this fence down." Thereupon the court stated: "If you took the fence down, that would settle a part of it. What is your other objection?" An attorney for the plaintiff stated that it was the cutting of ditches and damage to the shrubbery.

According to the testimony of the plaintiff and her witnesses, the private road described in her petition extended from east to west across the northern boundary of her land. The defendant in his own behalf testified in part as follows: "I built the fence up there at my house. It is south of the road. And I dug a ditch over on the west side of this property. I don't know whether I have cut a ditch or plowed a furrow across the road that Wallace & Pruitt have been using for years. I plowed a ditch there. If the road went on down there it would be on the south side. But I don't know whether it went on down there or not."

There was no agreement by counsel for the defendant to remove the fence (as suggested by the court), which the defendant had constructed on the land of the plaintiff. The uncontradicted evidence of the witnesses for the plaintiff established that the

defendant had plowed south of the road. The defendant's testimony that, if the road continued along the northern boundary of the plaintiff's property, he had plowed south of the road, made no issue as to the location of the plowing done by him, and the verdict in his favor is entirely without evidence to support it, as to the alleged acts of trespass.

Ground 4 of the amended motion for new trial assigns error on the refusal of the court to exclude the statement of the de-defendant that "the plowing he did was on the north side of where Mr. Ridgeway went across there." The materiality of this statement does not appear from the record. The defendant having admitted that the private road was the line between his property and that of the plaintiff, he was bound by this admission, and any attempt thereafter to establish any other line, without withdrawing the admission made as to the road being the line, should have been excluded.

Ground 5 assigns error on an extract from the charge of the court. When considered in the light of the whole charge, the jury could not have been confused by this portion of the charge. Grounds 6, 7, and 8 are incomplete.

*Judgment reversed. All the Justices concur.*